```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| VANESSA K. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:09-158-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. EDWARDS SCHNEIDERS, | ) | **AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

```
               **     **     **     **     **
```

Plaintiff Vanessa Mitchell ("Mitchell") filed a *pro se* complaint against Defendants J. Edwards Schneiders, Robin Schneider, and Shane Short ("Defendants") [Record No. 1]. Mitchell avers that on June 2, 2008 she purchased a new home, located at 1776 Millbank Road, Lexington, Kentucky, from Defendants, who are real estate developers. Mitchell also avers that Defendants failed to properly grade the property prior to sale and, as a result, water "has continued to pond on the property" [Record No. 1, ¶3]. Mitchell claims that Defendants have refused to correct the problem despite her protestations to the Lexington-Fayette Urban County Government, the Mayor, and others. In essence, her claims sound in contract law. Mitchell avers damages that include the decreased value of her property, mental anguish and embarrassment, and punitive damages [Record No. 1, ¶¶ 17, 19]. Mitchell paid the filing fee to the Clerk of Court.

The Court may screen non-prisoner, fee-paid *pro se* complaints under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999). *Pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). *Apple v. Glenn*, however, permits a district court to dismiss, of its own accord, a fee-paid complaint filed by a non-prisoner if it appears the allegations lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. The Court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Dismissal of claims is required where the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Mitchell has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Mitchell is unable to proceed in this Court because the Court lacks subject matter jurisdiction to hear her claims, regardless of their merit. Mitchell's Complaint sounds in contract, a state law cause of action, and plainly does not raise a federal question. *See* 28 U.S.C. § 1331. The Court also lacks subject matter jurisdiction on the basis of diversity because the parties lack diversity. 28 U.S.C. § 1332; *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). Mitchell is a Kentucky resident and

has provided an address for the Defendants at 1029 Monarch Street, Suite 220, Lexington, Kentucky.  Thus, the parties are not diverse because they are all residents of Kentucky.  Furthermore, in her Prayer for Relief, Mitchell references Schneider Designs, Inc., not named as a Defendant, which is a Kentucky corporation also located at the Monarch Street address according to business filings with the Kentucky Secretary of State.[1]  Mitchell has not established that the parties are diverse.

Additionally, the Court is not persuaded that Mitchell's suit satisfies the $75,000 amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332.  Mitchell prays for a damages award in the amount of $1 million, plus punitive damages, costs, and interest.  The Court is skeptical that Mitchell has made a good faith attempt to state the jurisdictional amount in controversy. *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009).  For example, she avers damages from mental anguish and embarrassment as a result of Defendants alleged breach of the real estate contract, damages not typically compensable under contract law.  Also, Mitchell has not asked for rescission of the contract, or the return of her payment for the home.  Rather, the prayer for $1 million seems to be an arbitrary and exaggerated estimate of her

---

[1] *See* Online Business Database, Kentucky Secretary of State, http://apps.sos.ky.gov/business/obdb/(S(ujssmm55nurovt55dupwm0mz))/showentity.aspx?id=0256496&ct=09&cs=99998 (*last visited* June 17, 2009).

damages from the standing water on her property. Despite a less stringent review of her Complaint, the Court is doubtful that either the cost to repair Mitchell's property or the lost value of her property approach the $75,000 jurisdictional threshold, much less $1 million. Mitchell may have failed to allege the jurisdictional amount in controversy.

In conclusion, Mitchell's claims may have merit, but her claims cannot be decided by this Court. The Court will dismiss this action without prejudice for lack of subject matter jurisdiction in order for Mitchell to proceed with her claims in another forum. Accordingly, **IT IS ORDERED** that this action be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**.

This the 17th day of June, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge